Jessica Greenlick Snyder, OSB #134911
Email: jessica@sugermandahab.com
Sugerman Dahab
101 SW Main Street, Suite 910
Portland, OR 97204
Tel: (503) 228-6474
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MYYESHIA L. TAYLOR,<br><br>Defendant. | Case No. 3:23-cr-00056-SI<br><br>DEFENDANT'S RESENTENCING MEMORANDUM<br><br>(Resentencing Scheduled for November 10, 2026, at 11:00 a.m.) |

Myyeshia Taylor comes before this Court for a resentencing after the Ninth Circuit affirmed her conviction, vacated her sentence, and remanded for resentencing. For the reasons that follow, and the reasons discussed in the 2026 confidential supplement to the Presentence Report, Ms. Taylor asks the Court to resentence her to time-served, the equivalent of a 53-month sentence, followed by three years of supervised release with a special condition of placement at the NWRRC and participation in Reentry Court. That sentence is longer than the 48-month sentence this Court imposed in 2018 for Ms. Taylor's most recent offense. It honors the jury's

verdict and reflects the developments in the law. And it is sufficient, but not greater than necessary, to serve the purposes of sentencing under 18 U.S.C. § 3553(a).

**The Advisory Guidelines Calculations**

Under 18 U.S.C. § 3742(g)(1), the Court applies the 2023 Guidelines Manual. The base offense level is 20 under § 2K2.1(a)(4)(A), and the criminal history category is V. Without the obstruction enhancement, the guideline calculation is as follows:

| | |
|---|---|
| **Base offense level (§ 2K2.1(a)(4)(A))** | **20** |
| **Specific offense characteristic (§ 2K2.1(b)(6)(B))** | **+4** |
| **Total offense level** | **24** |
| **Advisory Guidelines range (CHC V)** | **92–115 months** |

At the first sentencing, the Court found that Category V overstated Ms. Taylor's criminal history and, for § 3553(a) purposes, treated her as Category IV, then imposed a sentence one year below the low end of that range. Sentencing Transcript, ECF 194 at 38–39, 52. At resentencing, Ms. Taylor argues that the Court should not apply the obstruction of justice enhancement and should vary downward to account for the changes in law relating to the firearm enhancement. The following chart applies the Court's own approach to each possible calculation:

| **Offense Level Calculation** | **Offense Level** | **Range (CHC V)** | **Range (CHC IV)** | **Court's 2024 Approach (12 months below low end of CHC IV)** |
|---|---|---|---|---|
| 2024 sentencing (including obstruction of justice and acquitted conduct enhancements) | 26 | 110–137 | 92–115 | 80 (imposed) |
| 2024 sentencing minus obstruction of justice enhancement (but still including acquitted conduct enhancement) | 24 | 92–115 | 77–96 | 67 |
| 2024 sentencing with four-level acquitted conduct enhancement neutralized by downward variance (but still including obstruction of justice) | 22 | 77–96 | 63–78 | 53 |
| 2024 sentencing minus obstruction of justice and also with four-level acquitted conduct enhancement neutralized by downward variance | 20 | 63–78 | 51–63 | 41 |

A 53-month sentence would fit within the average range of other sentences imposed on comparable defendants. In fiscal year 2025, the average sentence for firearms offenders in Criminal History Category IV, the category the Court found best reflects Ms. Taylor's history, was 56 months and the median was 48. U.S. Sent'g Comm'n, *2025 Sourcebook*, tbl. 27. Those figures confirm that a time-served sentence is well within the mainstream.

**Conclusion**

For these reasons, Ms. Taylor respectfully asks the Court to impose a sentence of time served, the equivalent of a 53-month sentence, followed by supervised release with special conditions requiring placement at the Northwest Regional Reentry Center and participation in Reentry Court. That sentence honors the jury's verdict, reflects the developments in the law since

Ms. Taylor's first sentencing, and gives Ms. Taylor the structure she needs to build on the work she has already done.

Dated: November 4, 2026.

*s/ Jessica Greenlick Snyder*
Jessica Greenlick Snyder, OSB #134911